COMMONWEALTH FEDERAL SAVINGS BANK, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 13386. Promulgated September 21, 1928.

*J. A. Selby, Esq.*, and *Henry Ravenel, Esq.*, for the petitioner.
*J. E. Marshall, Esq.*, for the respondent.

OPINION.

SMITH: The only allegation of error contained in the original petition filed with the Board is that:

The Commissioner disallowed as a deduction from gross income in computing net taxable income for the year 1921 an amount of $51,000 representing a loss claimed by the taxpayer corporation in its return for the said year as originally filed.

At the hearing of this proceeding the petitioner, by leave of the Board, amended its petition by adding the following assignment of error:

The Commissioner erred in disallowing as a deduction from gross income, in computing the net taxable income for the year 1921, an amount of $51,000 representing a debt ascertained to be worthless and charged off within the taxable year.

After the taking of testimony the petitioner, with leave of the Board, further amended its petition by assigning as error the failure of the respondent to allow the petitioner as a deduction from gross income of the year 1921 a portion of the cost of the Imperial Russian Government bonds as a partial bad debt.

It is the petitioner's contention that it sustained a loss in the year 1921 in the amount of at least the difference between the cost to it of the bonds in question and their market value at the close of the year 1921, and that either under the provision contained in the Revenue Act of 1921 for the deduction of "losses sustained" or under the provision for the deduction of "debts ascertained to be worthless" it should be allowed to deduct its loss in its income-tax return for 1921.

The section of the Revenue Act of 1921 upon which the petitioner relies reads in part as follows:

SEC. 234. (a) That in computing the net income of a corporation subject to the tax imposed by section 230 there shall be allowed as deductions:

(4) Losses sustained during the taxable year and not compensated for by insurance or otherwise; * * *

(5) Debts ascertained to be worthless and charged off within the taxable year (or in the discretion of the Commissioner, a reasonable addition to a reserve for bad debts) ; and when satisfied that a debt is recoverable only in part, the Commissioner may allow such debt to be charged off in part.

The petitioner's statement in its petition that it relies upon sections 214 (a) (4) and (7) is obviously in error, since section 214 pertains to individuals and not corporations.

The facts in this case do not appear to differ in any material respect from those in *First National Bank of St. Paul*, 10 B. T. A. 32, where the petitioner was seeking a deduction in the year 1921 on account of an alleged loss on its investment in Imperial Russian Government bonds similar to those involved in the case before us. We held in that case that an investment in such bonds is not a debt within the meaning of the bad debt provision of the Revenue Act of 1921 and prior and subsequent acts, and that the loss sustained on account of such an investment is not deductible under such provision. That decision, we believe, is controlling in the case before us. We therefore need not further consider whether the petitioner has complied with all of the requirements of the bad debt provision of the act.

We also held in *First National Bank of St. Paul, supra*, that the petitioner could not take a deduction on account of a loss on its investment in the bonds under the loss provision of the statute since it had realized no loss on account of its investment during the taxable year. In the case before us it does not appear that the petitioner actually sustained a loss in the year 1921 in respect of its holdings in the bonds in question. It did not sell or otherwise dispose of the bonds during the taxable year nor is there any evidence that the bonds were not worth equally as much on the market at the beginning of the year as at its close. The mere fact that the petitioner deemed the bonds worthless and charged the full amount of their cost to profit and loss account and set up a reserve to cover its theoretical loss at the close of the year 1921 does not establish that it sustained any actual loss in that year. The evidence further shows that the bonds had a market value at the close of the year 1921 of at least 10 per cent of their face value. It is not in evidence that the bonds have ever been disposed of by the petitioner. We are of the opinion that the petitioner did not sustain any loss in the year 1921 in respect of its investment in the bonds for which the statute authorizes a deduction in computing taxable income. See *New York Life Insurance Co.* v. *Edwards*, 271 U. S. 109; *Corn Exchange Bank*, 6 B. T. A. 158; *W. P. Davis*, 6 B. T. A. 1267; *First National Bank of St. Paul, supra*.

*Judgment will be entered for the respondent.*